# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 10-20263

SOLGAS ENERGY LTD.,

Plaintiff - Appellee

v.

THE FEDERAL GOVERNMENT OF NIGERIA

Defendant

v.

THE CENTRAL BANK OF NIGERIA,

Intervenor - Appellant

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 4:09-MC-368

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:

This court must examine the basis of its jurisdiction on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this case to register and enforce a judgment, the defendant filed a series of pre-trial discovery and procedural motions. The magistrate judge recommended that the motions be denied and the district court accepted the

10-20263

recommendation. The defendant filed a notice of appeal from an order denying the motions.

Federal appellate courts have jurisdiction over appeals only from:(1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which can be properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b). *See Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam). The judge's order ruling on discovery and other pre-trial motions is not a final order, *see Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 877-78 (5th Cir.1981), nor does it come within any of the other categories that would make it immediately appealable. Accordingly, we are without jurisdiction over the appeal and it must be dismissed.

IT IS SO ORDERED.