IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLGAS ENERGY LTD., | § | |
| Plaintiff, | § | |
| v. | § | MISC. ACTION NO. H-09-368 |
| THE FEDERAL GOVERNMENT OF NIGERIA, | § | |
| Defendant, | § | |
| THE CENTRAL BANK OF NIGERIA, | § | |
| Intervenor, | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| Garnishee. | § | |

**ORDER**

Pending before the court is the Central Bank of Nigeria's ("CBN") Motion for Certification of the April 2, 2010, Order as Appealable under 28 U.S.C. § 1292 (Docket Entry No. 81) and Plaintiff's response (Docket Entry No. 83). Having considered the arguments of the parties, the court **DENIES** CBN's request.

In February 2010, this court issued a Memorandum, Recommendation, and Order ("MR&O") denying in part CBN's Motion to Vacate (Docket Entry No. 14) and holding the remainder under advisement pending jurisdictional discovery.[1] The MR&O was adopted on April 2, 2010.[2]

---

[1]  See MR&O, Docket Entry No. 35.

[2]  Order dated Apr. 2, 2010, Docket Entry No. 44.

CBN appealed the order adopting the MR&O ten days after the court issued it.[3] In June 2010, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction.[4] CBN then filed the pending motion seeking permission to appeal the April 2, 2010, order as a discretionary interlocutory appeal.[5] In its motion, CBN identifies two questions of law for appeal: (1) whether this court "may exercise jurisdiction over the funds of an instrumentality of a foreign state where the funds are not present in the State of Texas;" and (2) whether Plaintiff "submitted sufficient admissible evidence to overcome its initial burden of demonstrating that the funds attached are not immune from execution under the Foreign Sovereign Immunities Act"[6] ("FSIA").[7]

Congress granted a district judge the authority to allow an interlocutory appeal when the court is of the opinion that the order to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

---

[3] See Notice of Appeal, Docket Entry No. 45.

[4] See Per Curiam Order dated June 9, 2010, Docket Entry No. 95.

[5] See CBN's Motion for Certification of the April 2, 2010, Order as Appealable under 28 U.S.C. § 1292, Docket Entry No. 81.

[6] 28 U.S.C. §§ 1602-1611.

[7] CBN's Motion for Certification of the April 2, 2010, Order as Appealable under 28 U.S.C. § 1292, Docket Entry No. 81, pp. 1-2.

ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

For the reasons stated in the MR&O and the order adopting, the court finds no substantial difference of opinion on any controlling issue of law. CBN's reliance on opinions from states outside of Texas is not persuasive. Moreover, the court has merely allowed additional discovery to determine whether the funds are immune from execution under the FSIA; it has not made a determination on immunity. As explained in the MR&O, Plaintiff was not required to *prove* that an exception to FSIA immunity applied in order to be entitled to discovery on that very point. Whether the evidence Plaintiff submitted was competent and sufficient to meet its initial burden was an evidentiary decision, the resolution of which would not "materially advance the ultimate termination of the litigation."

The court **DENIES** CBN's motion for certification.

**SIGNED** in Houston, Texas, this 30th day of July, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE